IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HELENA SMITH, :
:
    Plaintiff, :
:
v. : Civil Action No. 17-1606-RGA
:
WILLIAM NUTTER, :
:
    Defendant. :

Helena Smith, Wilmington, Delaware; Pro Se Plaintiff.

Michael James Logullo, Esquire, Rawle & Henderson LLP, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

July 24, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Helena Smith, who proceeds *pro se*, filed this action on November 8, 2017. (D.I. 1). Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1). (D.I. 11). Briefing on the matter is complete.

## BACKGROUND

Plaintiff filed this action to recover damages for an injury she suffered after falling in the Concord Mall parking lot in Wilmington, Delaware. (D.I. 2). Plaintiff provides a Philadelphia, Pennsylvania address in the Complaint's caption and in Paragraph I, "Parties in this Complaint." (D.I. 2 at pp.1-2). A Wilmington, Delaware address is provided for Defendant. (*Id.* at p.2). The Complaint and civil cover sheet indicate the basis for jurisdiction is a federal question. (D.I. 2, D.I. 2-2). Plaintiff seeks $275,000 in damages. An exhibit to the Complaint, dated November 7, 2017, states, "Plaintiff is a resident of the State of Delaware." (D.I. 2-1).

On February 14, 2018, Defendant filed a motion to dismiss pursuant to Fed. R Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the grounds that the complaint does not present a federal question and the parties are not diverse. (D.I. 11). Plaintiff filed a response on February 26, 2018, that her residency in Delaware spans 7 ½ years, but she was forced to leave Dover, Delaware in 2017, and she moved to Philadelphia. (D.I. 12). On March 30, 2018, Plaintiff notified the Court of a new address and her return to Delaware. (D.I. 13). On April 26, 2018, Plaintiff asked the Court to consider forwarding the case to the correct court "as an option." (D.I. 14).

1

## LEGAL STANDARDS

Rule 12(b)(1) allows for dismissal where the court lacks subject matter jurisdiction over an action. Motions brought under Rule 12(b)(1) may raise either a facial or factual challenge to the court's jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Factual attacks allow the court to delve beyond the pleadings to determine if the evidence supports the court's subject matter jurisdiction. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997). The party asserting subject matter jurisdiction bears "the burden of proof that jurisdiction does in fact exist." *Id.*

## DISCUSSION

Because Plaintiff proceeds *pro se*, the Court liberally construes the pleadings and holds her to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Subject matter jurisdiction can be based on either a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332.

The complaint does not invoke a federal statute or violations of the United States Constitution. It is a slip and fall accident in a parking lot case. Even with a liberal construction, it does not allege a basis for federal question jurisdiction.

To the extent Plaintiff intends to bring a tort claim under Delaware law, the only independent basis for this Court's jurisdiction over state law claims arises under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). When determining whether diversity jurisdiction exists, a court must examine the citizenship of the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)) (jurisdiction is tested by the facts as they exist when the action is brought). The original Complaint in this action was filed November 8, 2017, and therefore, I will examine the citizenship of the parties as of that date.

The Complaint provides a Pennsylvania address for Plaintiff, yet also contains an exhibit that states Plaintiff is a resident of the State of Delaware. As a result, it is not clear if there was true diversity of citizenship when Plaintiff commenced this action as is required for diversity jurisdiction. Plaintiff's March 2018 move from Pennsylvania to Delaware has no bearing on this issue. Because is it unclear if the parties were diverse when the action was commenced, the Court will grant Defendant's motion to dismiss. Plaintiff will be given leave to file an amended complaint to properly allege a basis for jurisdiction over this dispute. The key issue is which state she was a citizen of on November 8, 2017. On this record, she has not alleged citizenship of Pennsylvania on the key date, and, indeed, the record suggests that while she may have been resident temporarily in Pennsylvania, she was not a citizen of Pennsylvania.

3

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's motion to dismiss. (D.I. 11). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered