IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HELENA SMITH,                          :
                                       :
              Plaintiff,               :
                                       :
       v.                              :     Civil Action No. 17-1606-RGA
                                       :
ALLIED RETAIL PROPERTIES,              :
                                       :
              Defendant.               :

---

Helena Smith, Wilmington, Delaware; Pro Se Plaintiff.

Michael James Logullo, Esquire, Rawle & Henderson LLP, Wilmington, Delaware,
Counsel for Defendant.

**MEMORANDUM OPINION**

August 8 , 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Helena Smith, who proceeds *pro se*, filed this action on November 8, 2017. (D.I. 1). Before the Court is Defendant Allied Retail Properties' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1). (D.I. 23). Briefing on the matter is complete.

## BACKGROUND

Plaintiff filed this action to recover damages for an injury she suffered after falling in the Concord Mall parking lot in Wilmington, Delaware. (D.I. 2). The original complaint named William Nutter as the defendant. The Court granted Nutter's Rule 12(b)(1) motion to dismiss because it was unclear if the parties were diverse when the action was commenced. (D.I. 15, 16). Plaintiff was given leave to file an amended complaint to properly allege a basis for jurisdiction over the dispute. (*Id.*).

On August 23, 2018, Plaintiff filed an Amended Complaint, named Zurich Insurance as the defendant and removed Nutter as a defendant. (D.I. 17). On September 19, 2018, the Court entered an order for Plaintiff to file an Amended Complaint with a proper defendant and allegations against each proper defendant, noting that the August 23, 2018 Amended Complaint was deficient as providing no facts to support a claim against Zurich Insurance. (D.I. 20). Plaintiff filed another Amended Complaint on October 9, 2018, which named Allied Retail Properties as the defendant and removed Zurich Insurance as a defendant. (D.I. 21).

The original Complaint provided a Philadelphia, Pennsylvania address for Plaintiff in the Complaint's caption and in Paragraph I, "Parties in this Complaint," while an exhibit to the Complaint, dated November 7, 2017, stated, "Plaintiff is a resident of

1

the State of Delaware." (D.I. 2 at pp.1-2; D.I. 2-1). A Wilmington, Delaware address was provided for Nutter. (*Id.* at p.2).

In response to Nutter's motion to dismiss (D.I. 11) for lack of subject matter jurisdiction on the grounds that the parties were not diverse, Plaintiff stated that her residency in Delaware spanned 7 ½ years, that she had lived, worked, and voted in the cities of Wilmington, Delaware, and Dover, Delaware, but she was forced to leave Dover in 2017. (D.I. 12 at 1). Plaintiff stated that she moved to Philadelphia, Pennsylvania, for help from relatives, and that all her records and belongings remained in Dover, Delaware. (*Id.*).

On March 30, 2018, Plaintiff notified the Court of a new address and her return to Delaware. (D.I. 13). In August 2018, when Plaintiff made her first attempt to file an amended complaint, she filed documents regarding her domicile. (*See* D.I. 18). Plaintiff stated that the last two years of her life had been unsettling, and that her "life resemble[d] that of a 25 year old with no roots." (D.I. 18 at 2). She stated that on an unknown date she attempted to purchase a house in Dover, but the purchase collapsed. (*Id.*). Plaintiff provided a number of documents showing she changed her address from Delaware to Philadelphia during the time she resided in Philadelphia. In addition, Plaintiff stated that she purchased a home in Wilmington, Delaware. It is the same address provided to the Court in March 2018. (D.I. 13, D.I. 18 at 2). Another document provided is a residential loan application dated December 18, 2017, for purchase of the Wilmington home. (D.I. 18 at 13). Finally, Plaintiff provided a payment report from a storage facility in Dover showing that she used the storage facility from March 28, 2017 through April 3, 2018. (*Id.* at 10).

Allied Retail Properties moves for dismissal pursuant to Rule 12(b)(1) on the grounds that the parties are not diverse, Plaintiff did not cure the pleading deficiencies with the filing of the October 9, 2018 Amended Complaint, and she has not provided information regarding diversity as instructed by the Court in its July 24, 2018 Memorandum Opinion. (D.I. 23). Plaintiff responds that she terminated her residency in March 2017 and established residency in Pennsylvania in April 2017. (D.I. 24).

## LEGAL STANDARDS

Rule 12(b)(1) allows for dismissal where the court lacks subject matter jurisdiction over an action. Motions brought under Rule 12(b)(1) may raise either a facial or factual challenge to the court's jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Factual attacks allow the court to delve beyond the pleadings to determine if the evidence supports the court's subject matter jurisdiction. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997). The party asserting subject matter jurisdiction bears "the burden of proof that jurisdiction does in fact exist." *Id.*

## DISCUSSION

Because Plaintiff proceeds *pro se*, the Court liberally construes the pleadings and holds her to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Amended Complaint asserts jurisdiction based upon diversity of citizenship, *see* 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

3

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). When determining whether diversity jurisdiction exists, a court must examine the citizenship of the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)) (jurisdiction is tested by the facts as they exist when the action is brought). An amendment to allege diversity jurisdiction relates back under Rule 15 of the Federal Rules of Civil Procedure. *See LeBlanc v. Cleveland*, 248 F.3d 95, 99-100 (2d Cir. 2001); *accord, Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 190 F. App'x 490, 491 (7th Cir. 2006).

Defendant contends the parties are citizens of the same state – Delaware. Each of the pleadings (*i.e.*, the Complaint and both Amended Complaints) filed by Plaintiff state that Defendant is a citizen of the State of Delaware. At issue is the citizenship of Plaintiff. Therefore, I will examine the citizenship of Plaintiff as of the date that she commenced this action, November 8, 2017. *See LeBlanc v. Cleveland,* 248 F.3d at 100.

In light of Plaintiff's submissions and statement, the record leads to the conclusion that diversity of citizenship is lacking. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of

4

habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

The record indicates that Plaintiff's stay in Pennsylvania was temporary. At the time she commenced this action she had moved from Delaware to Pennsylvania in March 2017 "for help from relatives" but her belongings remained in Delaware as evidenced by the Dover storage facility receipt. Also, while the Complaint's caption provided a Pennsylvania address for Plaintiff, in an attachment to the Complaint, Plaintiff referred to herself as "a resident of the State of Delaware." (D.I. 2-1). Moreover, Plaintiff states that she sought to purchase a home in Dover, but the sale collapsed. Lending support to the conclusion that Plaintiff was domiciled in Delaware when this action was commenced is that fact that in December 2017, a mere one month after she filed her complaint in November 2017, Plaintiff applied for a residential loan to purchase a home in Wilmington, Delaware, where she now resides. The fact that Plaintiff's belongings remained in Delaware, that she moved to Pennsylvania "for help from relatives," that she unsuccessfully sought to purchase a home in Dover and, within a month after commencing this action, applied for a residential loan for a different home in Wilmington all lead to the conclusion that her residency in Pennsylvania was temporary and that Delaware continued to be her domicile, as that is where she intended to return to.

Having determined that Plaintiff was a citizen of the same state as Defendant at the time she filed her Complaint, the Court lacks diversity jurisdiction, and cannot exercise subject matter jurisdiction over this action. To be clear, at no time did Plaintiff

properly assert diversity jurisdiction in this matter. Therefore, the Court will grant Defendant's motion to dismiss as this Court lacks jurisdiction.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's motion to dismiss without prejudice to Plaintiff to assert her claims in State Court. (D.I. 23).

An appropriate order will be entered